# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| DEBORAH LYNN KOZIOL,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF<br>SOCIAL SECURITY,<br><br>　　　　Defendant. | No. 19-CV-4068-CJW-KEM<br><br>**ORDER** |

_____

This matter is before the Court on United States Magistrate Judge Kelly K.E. Mahoney's Report and Recommendation. (Doc. 20). The Report and Recommendation recommends that the Court affirm the Commissioner's decision and enter judgment in favor of the Commissioner. Neither party has objected to the R&R. The deadline for such objections has expired.

## I.　　APPLICABLE STANDARDS

### A.　　*Judicial Review of the Commissioner's Decision*

The Court must affirm the Commissioner's decision "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003). The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may

decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but it [does] not re-weigh the evidence." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence that supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The Court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if, after reviewing the evidence, the Court finds it "possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even in cases where the Court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The Court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789

(8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

### B. *Review of Report and Recommendation*

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A district judge may, however, elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude

further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## II. THE R&R

Deborah Lynn Koziol ("claimant") received supplemental security income ("SSI") benefits in 1998 after being found disabled due to a bipolar disorder. (Doc. 15). SSI is a needs-based benefit which turns on an assessment of a claimant's income and resources, which includes income from a spouse. 42 U.S.C. § 1382(a); 20 C.F.R. §§ 416.1160-416.1169. The definition of "spouse" for these purposes includes those who live together and hold themselves out as married. 42 U.S.C. § 1382c(d)(2).

Claimant originally stated in 1998 that she was separated from her husband, Thomas, and that their divorce was pending. (AR 27-29, 154).[1] From 1998 to 2016, the Social Security Administration conducted periodic reviews of claimant's status to determine if she remained eligible for SSI benefits. Throughout this time period, claimant continued to assert that she was not married and, although she lived with Thomas, she referred to him as her ex-husband and that she claimed she paid rent. (AR 33-45, 71, 96-97, 154). In May 2016, claimant visited a Social Security Administration office and told two employees that she had lived with Thomas and referred to him as her husband. (AR 123, 166, 276-79, 290). Although she said they had divorced in 2002, she continued to live with him since 1998. (AR 166, 270-279).

An investigation ensued which showed, among other things, that claimant had shared the same residence with Thomas since 1998 except for one year. (AR 138-41). Thomas claimed claimant as a dependent on his tax returns and showed no rental income. (AR 129-30). Medical records also reflected claimant referring to Thomas as her husband

---

[1] "AR" refers to the administrative record below.

and that she wore a wedding band.  (AR 280, 288-89).  Bank records showed Thomas routinely transferring money into claimant's bank account and no evidence of claimant paying Thomas rent.  (AR 149-50, 177-247, 297).  A visit to the house showed that claimant and Thomas shared a bedroom, though she claimed an unused bedroom was hers.  (AR 260-62).

Based on its findings, the Social Security Administration attributed Thomas' income to claimant and found that she had received more than $100,000 in SSI benefits to which she was not entitled.  (AR 123, 156-60, 257).  In April 2018, claimant entered an Alford plea to misdemeanor theft of the funds.  (AR 317-19).

Claimant appealed the Commissioner's determination to an ALJ, arguing the evidence was insufficient to show that Thomas was her spouse for purposes of the SSI benefits.  (AR 325-29, 352-56).  In February 2019, an ALJ held a hearing on the matter.  (AR 361-62).  In April 2019, the ALJ issued an opinion finding that Thomas met the definition of a spouse.  (AR 14-18).  In August 2019, the Appeals Court affirmed the ALJ's finding.  (AR 5-7).

On appeal to this Court, claimant again asserted there was insufficient evidence to show that Thomas was claimant's spouse for purposes of the SSI benefits.  (Doc. 16).  Judge Mahoney found substantial evidence supporting the ALJ's finding that claimant and Thomas held themselves out as married.  (Doc. 20, at 15-19).  Judge Mahoney relied upon the ALJ's finding that claimant and Thomas had a close financial relationship, despite their claims that they had independent finances.  (*Id.*, at 15-16).  Judge Mahoney also found that the ALJ could properly rely upon claimant's statements to medical providers and Social Security Administration employees when she referred to Thomas as her husband.  (*Id.*, at 17).  Although Judge Mahoney recognized there was some evidence that could support a different finding, she found the ALJ had a basis for discrediting such evidence.  (*Id.*, at 17-18).  Judge Mahoney also found that there was sufficient evidence

that Thomas also held himself out as married based on his attempts to hide their financial interrelationship, their sharing of the same last name, their cohabitation, and claimant's testimony that everyone assumed they were married. (*Id.*, at 18).

### III. DISCUSSION

Because the parties did not object to the R&R, the Court reviewed it for clear error. Judge Mahoney applied the appropriate legal standards in considering whether there was substantial evidence to support the ALJ's findings. Based on the Court's review of the record, the Court finds no error—clear or otherwise—in Judge Mahoney's recommendation. As such, the Court adopts the R&R in its entirety.

### IV. CONCLUSION

For the reasons stated:

1. The Court **accepts** Judge Mahony's R&R (Doc. 20) without modification. *See* 28 U.S.C. § 636(b)(1).

2. In accord with Judge Mahoney's recommendation, the Court affirms the Commissioner's decision and judgment will enter in favor of the Commissioner.

**IT IS SO ORDERED** this 25th day of February, 2021.

_____
C.J. Williams
United States District Judge
Northern District of Iowa